UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

VPH PHARMACY, Inc.  Case No. 18-11280

    Debtor,  Honorable Victoria A. Roberts
_____/

SAMUEL D. SWEET,
Chapter 7 Trustee,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING UNITED STATES' MOTION FOR PARTIAL WITHDRAWAL OF THE REFERENCE

Debtor VPH Pharmacy ("VPH") filed for bankruptcy on January 13, 2017. The United States Government filed a motion for withdrawal of the reference of that portion of the bankruptcy proceedings which encompasses proceeds seized by the Drug Enforcement Agency ("DEA") around September 22, 2015 from VPH's bank accounts.

For the reasons that follow, that motion is GRANTED.

I.    Background

In September of 2015, as a result of an ongoing criminal investigation, the DEA seized $230,068.79 and $11,793.55 from two Fifth Third Bank accounts, in the names of VPH Pharmacy PC and VPH Pharmacy, Inc., respectively. On May 17, 2016, the Government filed a second amended complaint in an *in rem* civil forfeiture proceeding

1

against more than $1,000,000 held in numerous bank accounts, including the two Fifth Third Bank accounts, pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and/or 981(a)(1)(C). These accounts were linked to Devenkumar Patel and Amee Patel, who owned multiple pharmacies, including VPH. The Government alleges that these proceeds were generated from or traceable to drug diversion and/or health care fraud, used to facilitate federal crimes, or involved in money laundering.

The Court granted the Government's motion to stay the civil forfeiture proceedings during the pendency of the related criminal investigation and proceedings. Accordingly, no judgment has been entered in the civil forfeiture proceeding; the seized funds remain in the Government's possession.

Eight months later – on January 13, 2017 – VPH filed for bankruptcy under Title 11, Chapter 11 of the United States Bankruptcy Code. The petition was converted to Chapter 7 on June 30, 2017. The Chapter 7 Trustee ("Trustee") filed an adversary proceeding on February 15, 2018 seeking turnover of the Fifth Third Bank Account proceeds by the United States under 11 U.S.C. § 542(a); and, alleging fraudulent transfer under 11 U.S.C. § 550(a)(1)(B). In his complaint, the Trustee alleges that the seized property is part of the bankruptcy estate and can be used to pay creditors – which would not include the Medicare Trust Fund. Alternatively, the Trustee seeks to avoid and recover the seized funds as a fraudulent transfer.

On April 23, 2018, the Government filed its motion to withdraw the reference from the bankruptcy proceeding with respect to the seized property. It argues that 1) withdrawal is mandatory because resolution of the civil forfeiture case requires significant and material consideration of both Title 11 and non-bankruptcy laws that

regulate activities affecting interstate commerce; 2) alternatively, the District Court may permissively withdrawal the reference because the civil forfeiture case is a non-core proceeding that can only be decided in bankruptcy court with the Government's consent; and 3) the civil forfeiture case is exempt from the automatic stay as an exercise of the Government's police power under 11 U.S.C. § 362(b)(4).

In response to the Government's motion, the Trustee argues: 1) mandatory withdrawal is not warranted because the resolution of the Trustee's claims does not require substantial consideration of other federal laws; 2) none of the factors supporting permissive withdrawal is present; and 3) the automatic stay prohibits the Government from enforcing a civil forfeiture money judgment.

II. Analysis

Before addressing mandatory withdrawal, the Court must first consider whether the seized assets should even be part of the bankruptcy estate.

A. The Forfeited Property Is Not Part Of The Bankruptcy Estate

After the Government filed its civil forfeiture complaint against VHS, the Clerk of the Court issued arrest warrants for the two VPH seized bank accounts at issue. The warrants served as notice to VPH that the seized bank accounts were in the Attorney General's custody and control. 21 U.S.C. § 881(c).

The Trustee admits that the only issue relevant to deciding his claims that requires consideration of federal law is whether the monies seized by the Government constitute property of the estate. According to the Trustee, this issue was resolved by the Supreme Court in *United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 127 (1993),

when it held that until a court enters a judgment of forfeiture, the Government does not take title to seized property, but it is owned by someone else. However, *Buena Vista* is not in the bankruptcy context, and is distinguishable.

Instead, more pertinent decisions conclude that seized property is not part of the bankruptcy estate. For example, in the case of *In re Thena*, the court considered "whether property seized by the United States … is subject to inclusion in a … bankruptcy estate when the bankruptcy petition is filed after the seizure but before criminal charges are filed." *Diversified Fiber Prods. v. United States (In re Thena, Inc.)*, 190 B.R. 407, 410 (D. Or. 1995). In *In re Thena*, the Government seized property it had probable cause to believe was involved in money laundering. *Id.* at 409. Over two months later, the debtors petitioned for Chapter 11 bankruptcy, and filed a complaint seeking turnover of the seized property to the bankruptcy estate. *Id.* at 410. The court concluded that the debtors did not have equitable rights to the property at the time of the bankruptcy filing, and that Congress did not intend for such property to be included in the bankruptcy estate. *Id.* at 413. The court dismissed the debtors' complaint seeking turnover of the seized property. *Id.*

Similarly, in *In re Timiryan*, the Government seized property from a debtor who filed for bankruptcy nearly ten months after the seizure. *In re Timiryan*, 2007 Bankr. LEXIS 1627, *1-2 (Bkrtcy. C.D. Ca. Mar. 26, 2007). The debtor filed a complaint seeking turnover of the seized assets. *Id.* at *3. The court – following the reasoning of *In re Thena,* – held that "[i]n the case of forfeiture, if property is seized prepetition, a debtor has no equitable right to direct the seized property for the debtor's benefit. … The

4

authority to use, sell, or lease the seized property, therefore, is not includable in property of the estate." *Id.* at *10 (internal quotations omitted).

Here, just as in the cases above, the Government seized proceeds from VPH's bank accounts before VPH filed for bankruptcy. VPH has no equitable right to the proceeds, and they are not includable in the bankruptcy estate. "[I]f the Court were to hold otherwise, entities subject to forfeiture proceedings could undo any prepetition seizures by filing bankruptcy and seeking turnover." *Id.* at *11 (internal quotations omitted).

Further, district courts, not bankruptcy courts, have original and exclusive jurisdiction over any action for the recovery or enforcement of any forfeiture. 28 U.S.C. § 1355(a). District courts – in the first instance – must determine the correctness of the forfeiture action. *See* 18 U.S.C. § 981(c) (property seized is "subject only to the orders and decrees of the [district] court" that has jurisdiction). And, once a judgment of forfeiture is entered, the property belongs to the Government and ownership dates back to the filing of the case. 21 U.S.C. § 881(h); *see also In re Thena*, 190 B.R. 407 at 411.

Statutes and case law make clear: the seized VPH accounts are not property of the bankruptcy estate; they were seized by the Government long before the bankruptcy action was filed.

### B. Withdrawal Of The Reference Is Mandatory

"All bankruptcy-related proceedings filed in this Court are automatically referred to the bankruptcy court for this district." *United States v. DeMiro*, 446 B.R. 804, 806 (E.D. Mich. 2011). *See also* 28 U.S.C. § 157(a); E.D. Mich. L.R. 83.50. Motions to

withdraw references from bankruptcy courts are governed by 28 U.S.C. § 157(d). Withdrawal can be permissive or mandatory. A district court is permitted to withdraw "in whole or in part, any case or proceeding … for cause shown." 28 U.S.C. § 157(d). Alternatively, withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

Both parties recognize that "[m]ost courts agree that mandatory withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the federal law regulating interstate commerce." *In re City of Detroit*, 498 B.R. 776, 788 (E.D. Mich. 2013). Courts have already determined that forfeiture laws regulate interstate commerce. *See United States v. DeMiro*, 446 B.R. 804, 807 (E.D. Mich. 2011) ("the resolution of the proceeding involves [forfeiture] laws regulating organizations or activities affecting interstate commerce and bankruptcy law"); *United States v. One Parcel of Real Property*, 137 B.R. 802, 805 (D. Or. 1992) ("forfeiture statutes are laws regulating organizations or activities affecting interstate commerce within the terms of § 157(d)"). Neither party disputes that forfeiture laws affect interstate commerce.

The Court agrees with the Government here: to resolve the proceedings involving the VPH forfeited property, the Court needs to give substantial and material consideration to federal forfeiture laws, which affect interstate commerce. And, in considering these laws and the case law applying them, it is clear that property subject to forfeiture is not part of the bankruptcy estate, as discussed above. Thus, withdrawal

of the reference of the portion of the bankruptcy proceedings that encompasses the forfeited monies is mandatory.

Further, the issue of mandatory withdrawal in the forfeiture context seems to be a well-settled issue; parties in other cases generally stipulate to withdrawal. *See United States v. Mehmood*, 2016 U.S. Dist. LEXIS 88469, *4 (E.D. Mich. Jun. 15, 2016) ("[t]he parties agree that the pending forfeiture requires mandatory withdrawal of the reference under 28 U.S.C. § 157(d)"); *In re Thena*, 190 B.R. at 409 (where the court granted a joint motion for withdrawal of the reference of the forfeiture proceeding to a bankruptcy court).

This Court will follow suit, and grant the Government's motion for partial withdrawal.

Because the Court concludes that withdrawal is mandatory, the parties' arguments concerning permissive withdrawal and the automatic stay are irrelevant.

III.    Conclusion

The Court GRANTS the Government's motion for partial withdrawal of the reference.

The two VPH bank accounts listed in the Second Amended Forfeiture Complaint (case number 2:16-cv-10680), are withdrawn from the Bankruptcy Court (case numbers 17-30077-dof; 18-03016-dof).

For all other purposes, the Bankruptcy Court retains jurisdiction.

This matter (case number 2:18-cv-11280) is closed.

**IT IS ORDERED**.

                                        s/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: July 25, 2018